**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MALIBU MEDIA, LLC,

    Plaintiff

       v.

JOHN DOE subscriber assigned IP address,
76.21.211.211,

    Defendant.

**Civil No. 14-129 (CKK)**

**MEMORANDUM OPINION**
(May 28, 2014)

    Presently before the Court is Plaintiff's [3] Motion for Leave to Serve a Third-Party

Subpoena Prior to a Rule 26(f) Conference.  Plaintiff, Malibu Media, has filed an action against

Defendant, John Doe, under the Copyright Act of 1976, alleging that Defendant used BitTorrent

to copy and distribute Plaintiff's copyrighted works. Plaintiff seeks leave of the Court to serve a

Rule 45 subpoena on John Doe Defendant's Internet Service Provider, identified in Exhibits A

and B of the Complaint as Comcast Cable, so that Plaintiff may learn Defendant's true identity.

Upon consideration of the pleadings,[1] the relevant legal authorities, and the record for purposes

of this motion, the Court GRANTS Plaintiff's Motion for Expedited Discovery.

## I.      BACKGROUND

*A. Factual Background*

    Plaintiff, Malibu Media LLC, operates a subscription based website comprised of its

copyrighted content.  Pl.'s Mot., Ex. 1 (Colette Field Decl.), at ¶¶ 8-10.  Using Defendant John

---

[1] Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f)
Conference ("Pl.'s Mot."), ECF No. [3].

Doe's Internet Protocol (IP) address (a series of numbers assigned to each Internet service subscriber) and IP geolocation technology, Plaintiff's investigator, IPP International UG ("IPP"), identified Defendant John Doe's IP address as using the BitTorrent file distribution network to access and distribute copyrighted movies owned by Plaintiff. Compl. ¶¶ 2, 5, 18-21. IPP's software traced Defendant's IP address to a physical address located within the District of Columbia. Compl. ¶ 5. Plaintiff now seeks relief against Defendant, but only knows Defendant by his, her, or its IP address. Compl. ¶ 9.

### B. Procedural Background

On January 30, 2014, Plaintiff filed its [1] Complaint with this Court, alleging that Defendant John Doe committed tortious copyright infringement in violation of the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq.* The same day, Plaintiff filed a Motion to Expedite Discovery so that it could identify and properly serve Defendant John Doe. Pl.'s Mot., ECF No. [3]. Plaintiff alleges that the only way it may identify Defendant is to subpoena the Defendant's Internet Service Provider (ISP), Comcast Cable, pursuant to Federal Rule of Civil Procedure 45. *Id.*

## II. LEGAL STANDARD

A plaintiff who seeks to conduct expedited discovery prior to the Rule 26(f) Conference in order to learn the identity of putative defendants is in essence seeking jurisdictional discovery. *See Exquisite Multimedia, Inc. v. Does 1-336,* 2012 WL 177885, at *1 (D.D.C. Jan. 19, 2012). Federal Rule of Civil Procedure 26(d) explains that parties may generally seek discovery only after a Rule 26(f) conference, "except . . . when authorized by . . . court order." Fed. R. Civ. P. 26(d)(1). This Circuit has held that Federal Rule of Civil Procedure 26 "vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Watts v.*

*Sec. & Exch. Comm'n*, 482 F.3d 501, 507 (D.C. Cir. 2007) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)). To determine whether to authorize discovery prior to a Rule 26(f) conference in a particular case, this district has applied a "good cause" standard. *See Warner Bros. Records Inc. v. Does 1-6,* 527 F. Supp. 2d 1, 2 (D.D.C. 2007) ("the Court finds that plaintiffs have made a showing of good cause for the discovery they seek"). In order to obtain jurisdictional discovery a "plaintiff must have at least a good faith belief that such discovery will enable it to show that the court has personal jurisdiction over the defendant." *Exquisite Multimedia, Inc.*, 2012 WL 177885, at *1 (quoting *Caribbean Broad. Sys. Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1090 (D.C. Cir. 1998). *See also Exponential Biotherapies, Inc. v. Houthoff Buruma N.V.*, 638 F.Supp.2d 1, 11 (D.D.C. 2009) (holding that while "as a general matter discovery should be freely permitted, jurisdictional discovery is justified only if the plaintiff reasonably demonstrates that it can supplement its jurisdictional allegations through discovery") (quoting *Kopff v. Battaglia*, 425 F.Supp.2d 76, 89 (D.D.C. 2006)). "Mere conjecture or speculation" is not enough to justify jurisdictional discovery. *FC Investment Group LC v. IFX Markets Ltd.*, 529 F.3d 1087, 1094 (D.C. Cir. 2008).

Plaintiff's cause of action, tortious copyright infringement, is brought under a federal statute, the Copyright Act. The Copyright Act does not provide for the exercise of personal jurisdiction over alleged infringers on any basis. *See Exquisite Multimedia, Inc.,* 2012 WL 177885, at *2. Therefore, Plaintiff must predicate this Court's jurisdiction over the infringers on the reach of District of Columbia law. *Id.* District of Columbia law provides for the exercise of personal jurisdiction over a person domiciled in the District of Columbia as to "any claim for relief." *Id.* (quoting D.C. Code § 13–422 (2001)). The so-called "long arm" provision of the personal jurisdiction statute provides, in pertinent part, as follows:

(a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's—

\* \* \*

(3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

D.C. Code § 13–423 (2001). Personal jurisdiction might properly be exercised over Defendant John Doe if it is a resident of the District of Columbia or at least downloaded the copyrighted work in the District. *AF Holdings LLC v. Cox Commc'ns Inc*., --- F.3d ---, 2014 WL 2178839, \*4 (citing D.C. Code § 23-423(3), (4)). Thus, unless the infringer is domiciled in the District of Columbia, the question presented is where the infringement occurred and whether it occurred in the District of Columbia. It is especially important in cases involving allegations of copyright infringement using an IP address that the plaintiff demonstrate a good faith basis to believe a putative defendant may be a District of Columbia resident or that the injury occurred in the District of Columbia. *See Nu Image, Inc. v. Doe,* 799 F. Supp. 2d 34, 37 (D.D.C. 2011). In *AF Holdings LLC* the Court of Appeals for the District of Columbia Circuit found that geolocation services which "enable anyone to estimate the location of Internet users based on their IP addresses" are "sufficiently accurate to provide at least some basis for determining whether a particular subscriber might live in the District of Columbia." *AF Holdings LLC*, 2014 WL 2178839, \*4; *see also Nu Image, Inc*., 799 F. Supp. 2d at 41 (holding that "the Plaintiff has a good faith basis to believe a putative defendant may be a District of Columbia resident if a geolocation service places his/her IP address within the District of Columbia, or within a city located within 30 miles of the District of Columbia.").

### III. DISCUSSION

Upon consideration of the relevant legal authorities and Plaintiff's pleadings, the Court

finds that good cause exists for Plaintiff's requested expedited discovery. First, Defendant must be identified before this suit can progress further. *See Arista Records LLC v. Does 1–19,* 551 F.Supp.2d 1, 6 (D.D.C. 2008). Second, the Plaintiff has established a good faith basis for believing the putative defendant may be a District of Columbia resident. In Plaintiff's Complaint, Plaintiff alleges that it used "proven IP address geolocation technology which has consistently worked in similar cases to ensure that the Defendant's acts of copyright infringement occurred using an Internet Protocol address . . . traced to a physical address located within this District." *See* Compl. ¶ 5. *Cf. AF Holdings LLC*, 2014 WL 2178839, \*5 (finding that "AF Holdings's refusal to cabin its suit and corresponding discovery requests to individuals whom it has some realistic chance of successfully suing in this district demonstrates that it has not 'sought the information because of its relevance to the issues' that might actually be litigated here.") (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 (1978)). Accordingly, under the broad discretion granted this Court under the Federal Rule of Civil Procedure 26 this Court grants Plaintiff leave to serve a Rule 45 subpoena on the ISP identified in Exhibits A and B of the Complaint, Comcast Cable, for the purpose of identifying the putative Defendant's true identity prior to a Rule 26(f) Conference.

Plaintiff shall be allowed to serve immediate discovery on the identified ISP in order to obtain the identity of John Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify John Doe Defendant, including the individual's name, current and permanent address, telephone number, e-mail address, and Media Access Control address. Any information disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in the Complaint. If and when the ISP is served with a subpoena, the ISP shall give written notice, which may include e-mail

notice, to the subscriber in question within ten (10) business days prior to releasing the subscriber's identifying information to Plaintiff. If the ISP and/or Defendant want to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be no earlier than thirty (30) days from the date of service. The ISP shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash. Plaintiff shall provide the ISP with a copy of this Memorandum Opinion and the accompanying Order with its subpoenas. On or before **July 28, 2014**, Plaintiff shall file a Status Report with the Court briefly outlining its progress, including providing an expected completion date of the discovery allowed by the accompanying Order.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has made a showing of "good cause" for the expedited discovery it seeks. Accordingly, the Court shall GRANT Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference.

An appropriate Order accompanies this Memorandum Opinion.

_/s/_____
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE